IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 2014-cv-2743-RPM

THE FIRST NATIONAL BANK OF SANTA FE,

Plaintiff,

v.

FIRST AMERICAN TITLE INSURANCE COMPANY, a California corporation,

Defendant.

## STIPULATED PROTECTIVE ORDER

Plaintiff The First National Bank of Santa Fe, ("Plaintiff") and defendant First American Title Insurance Company ("Defendant") (collectively, the "Parties"), through their respective undersigned counsel, and pursuant to F.R.C.P. 26(c), hereby jointly submit for this Court's approval, the following [Proposed] Stipulated Protective Order:

### I. Introduction.

The Parties recognize that during the discovery phase of the above-captioned action (the "Civil Action"), the Parties, and each of them, may be required to disclose private, confidential, and privileged information. To ensure that private, confidential, and privileged information and documents that may be disclosed during the course of discovery not be disseminated outside this litigation, the Parties request the Court enter the instant Protective Order to protect from further dissemination and/or public disclosure the following categories of information: 1) sensitive and private personal financial information concerning the borrowers of the loans; and 2) confidential, proprietary information of Plaintiff, Defendant and/or their respective related companies.

Further, because discovery may include obtaining records or testimony from third parties not covered by this Protective Order as a party or related company, the Parties request the Court extend the protections of this Protective Order to any third party who provides testimony or produces documents in this litigation.

## II. Stipulated Protective Order.

Based upon the foregoing, the Parties, by and through their attorneys of record, hereby agree and stipulate as follows:

1. **Covered Parties**. The provisions of this Protective Order shall control the disclosure, dissemination, and use of "Confidential Information" (defined below) during the litigation of the Civil Action by the Parties, as well as all such other persons or entities who agree to be bound by the provisions of this Protective Order. Such persons or entities may include third parties who testify or produce documents pursuant to a subpoena. The Parties and all other persons or entities who agree to be bound by the provisions of this Protective Order shall hereinafter be referred to as "Covered Parties."

2. **Scope**. This Protective Order shall apply to all documents, materials and/or information, including without limitation, documents produced, answers to interrogatories, responses to requests for admission, and deposition testimony, which shall be known as the "Confidential Information." "Confidential Information" shall include, but not be limited to, any information, documents, or other data, whether tangible or in electronic and/or digital form, that is produced to or exchanged between the Parties, and which has been designated as "Confidential Information," pursuant to this Protective Order.

3. **Designations.** The Parties understand and agree that designated "Confidential Information" implicated in this case, includes, without limitation, documents, materials and/or information that may contain or refer to any one or all of the following:

A. information and/or documents that is/are required to be kept confidential due to preexisting obligations, including contractual obligations; or

B. any of the Parties' sensitive business or technical information, trade secrets, confidential research, development, business plans, new business development, proprietary information, competitor market analysis, internal financial accounting information, or other technical, policy, or commercial information, and that, if disclosed to a business competitor, would provide a significant advantage to the party's competitors; or

C. the personal identifying information (*i.e.*, social security numbers, dates of birth, etc.) and personal financial information of specific borrowers that is or may be subject to additional nondisclosure protections under applicable provisions of federal, state, and/or common law.

4. **Marking Confidential Information.** All Confidential Information shall be designated as such by affixing a stamp or label (electronic or otherwise) indicating its status as "CONFIDENTIAL." In the event that documents are produced electronically, they can be designated either by imprinting the appropriate notice or by any party producing a log indicating what information, data or documents are to be treated with the appropriate designation. All information conveyed or discussed in testimony at a deposition or a court proceeding for which Confidential Information status is claimed shall be so designated, orally on the record whenever possible, at the time the testimony is given or hearing is conducted or, in the case of a deposition,

no later than thirty (30) days after receipt of the deposition transcript by the designating party or entity. All portions of deposition testimony or hearing transcripts in which Confidential Information is used or discussed and that is designated with a Confidential Information status shall be treated with the protections afforded such information, as set forth herein.

5. **Later Designations of Confidential Information**. The disclosure, exchange, or production of Confidential Information that inadvertently was not designated as such shall not constitute a waiver of the protections afforded such document or information. Any information or documents not initially designated with the Confidential Information status may be so designated at a later time, in writing to the Parties.

6. **Restrictions on Disclosure of Confidential Information**. All Confidential Information, and any notes, work papers, summaries, or other documents prepared from such Confidential Information, shall be used by the receiving party solely in connection with the Civil Action and shall not be disclosed by the receiving party other than as follows:

- A. To any person or entity who created or received the Confidential Information prior to our otherwise outside of this litigation.
- B. The Court and its employees ("Court Personnel"); except that Paragraph 9 hereof shall govern all submissions of Confidential Information to the Court.
- C. Counsel for the Parties, including necessary secretarial, clerical and paralegal personnel assisting with the litigation of this action.
- D. The Parties and any designated representative for the Parties provided that:
   - i. such disclosure is necessary to assist in the prosecution or defense of the litigation of this action; and
   - ii. prior to disclosing any such Confidential Information to any such employee of the Parties or any affiliated entity of any Party, that person or

    entity execute an agreement in writing stating that he/she has read this Protective Order and agrees to be bound by its provisions. An acceptable form of such agreement is attached hereto as **Exhibit A**, and incorporated herein by reference.

E.  Outside consultants and experts, and their staff, retained by any Party for the purpose of assisting in the preparation of the litigation of this action, whether as a testifying expert or a non-testifying consultant (collectively "Experts") if, prior to disclosing any Confidential Information to any such Expert, that Expert executes an agreement in writing stating that he/she has read this Protective Order and agrees to be bound by its provisions. An acceptable form of such agreement is attached hereto as **Exhibit A**, and incorporated herein by reference.

F.  Any fact witness as may be reasonable necessary in preparation for or during the taking of a deposition or trial testimony, provided that prior to disclosing any such Confidential Information they execute an agreement in writing stating that he/she has read this Protective Order and agrees to be bound by its provision. An acceptable form of such agreement is attached hereto as **Exhibit A**, and incorporated herein by reference.

G.  Court reporters, videographers, interpreters, support vendors and such other qualified persons otherwise unconnected to any party but who are involved in taking testimony, copying documents, and the like.

7.  **Disclosure Agreements**. The attorneys of record for the party receiving the Confidential Information shall retain the original, executed **Exhibit A** agreements that have been executed by those to whom disclosure has been made.

8. **Procedure for Challenging Designations.** All designations of Confidential Information shall be made in good faith. A party may object to the designation by giving written notice to the party designating the disputed information. The written notice shall identify the information to which the objection is made. If the Parties cannot, in good faith, resolve the objection within ten business days after the time the notice is received, it shall be the obligation of the party designating the information to file an appropriate motion requesting that the Court determine whether the disputed information should be subject to the terms of this Protective Order.

9. **Filings with Court.** Whenever Confidential Information is used in, included with, or the contents thereof are in any way disclosed in any pleading, motion, deposition, transcript or other filing with the Court ("Pleadings"), such Pleading shall be filed consistent with the Court's rules respecting filing documents under seal.

10. **Depositions, Hearings, and Trial.** No person may refuse to answer any question at a deposition, hearing, or trial on the sole ground that the questions require the person to reveal Confidential Information. Nothing contained in this Protective Order shall preclude the use of Confidential Information at a deposition, in a hearing, or at trial, including any appeal of this action.

11. **Use of Confidential Information in Litigation.** Except as otherwise provided above, this Protective Order shall not affect or govern the use or admissibility of Confidential Information at trial. Each party hereto shall be responsible for requesting appropriate relief from the Court regarding trial testimony and exhibits, including but not limited to further protective orders, trial management order provisions, motions in *limine* and/or objections.

**12.    Use of Confidential Information Outside of Litigation.** This Order shall not be construed to prevent any party designating Confidential Information from making use of or disclosing that Confidential Information that was created or received by that party or lawfully obtained by that party independent of this Civil Action, whether or not such material also is obtained through discovery in this Civil Action, or from using or disclosing its own Confidential Information as it deems appropriate.

**12.    Modification.** Any Covered Person may apply for modification of this Protective Order, including relief from the terms of this Protective Order, modification of its terms, or the imposition of additional protections, upon reasonable notice to the Parties and after the Covered Party who seeks modification shall have contacted counsel for the Parties to attempt to resolve the issues that are the subject of the modification.

**13.    Conclusion of the Civil Action.** Upon the request of a Covered Party following the final disposition of the Civil Action, including all appeals therefrom, or the final disposition of this action against any one or more of the Parties, the remaining Covered Parties, including their experts, shall destroy all Confidential Information, and certify to the requesting Covered Party such destruction, or return to the requesting Covered Party all Confidential Information. Notwithstanding the foregoing, counsel for each Covered Party may retain a record of the Civil Action, irrespective of whether a Covered Party's Confidential Information is included in the correspondence, pleadings, discovery, notes, research, or other files maintained by the attorney for purposes of representing his/her client in the litigation of this action.

**14.    Continuing Jurisdiction.** The Court shall retain jurisdiction over the Covered Parties for the purpose of ensuring compliance with this Protective Order and granting such

amendments, modifications, and additions to this Protective Order, and such other and further relief as may be necessary until termination of this case.

15. **Survival.** This Protective Order shall survive the final disposition of this action, by judgment, dismissal, settlement, appeal, or otherwise.

SO STIPULATED.

Respectfully submitted, this 24th day of April, 2015.

| PLAINTIFF: | DEFENDANT: |
|---|---|
| BIEGING SHAPIRO & BARBER LLP | MONTGOMERY LITTLE & SORAN, P.C. |
| *s/ Tracy A. Davis* | */s Nathan G. Osborn* |
| Lisa K. Shimel, Esq. | Frederick D. Skillern, Esq. |
| Tracy A. Davis, Esq. | Nathan G. Osborn, Esq. |
| 4582 South Ulster Street Parkway, Suite 1650 | Montgomery Little & Soran, P.C. |
| Denver, Colorado 80237 | 5445 DTC Parkway, Suite 800 |
| (720) 488-0220 | Greenwood Village, CO 80111 |
| lshimel@sblawyers.com | fskillern@montgomerylittle.com |
| tdavis@bsblawyers.com | nosborn@montgomerylittle.com |
| *Attorneys for Plaintiff The First National Bank of Santa Fe* | *Attorneys for Defendant First American Title Insurance Company* |

IT IS SO ORDERED:

BY THE COURT:

Dated: April 24, 2015.   _____

-8-

## EXHIBIT A

## PERSONAL UNDERTAKING REGARDING PROTECTIVE ORDER

I, _____ declare:

1. My address is _____. My present occupation is _____.

2. I have received the Stipulated Protective Order ("Protective Order") issued in *The First National Bank Of Santa Fe, v. First American Title Insurance Company.* I have carefully read and understand the provisions of the Protective Order.

3. I will comply with all of the provisions of the Protective Order. I will hold in confidence, will not disclose to anyone other than those persons specifically authorized by the Protective Order, and will not copy or use except for purposes of this litigation, any information designated as "CONFIDENTIAL" which I receive in this litigation, except to the extent such Confidential Information is or becomes public information under the Protective Order.

4. I will comply with Paragraph 13 of the Protective Order regarding the return or destruction of all Confidential Information in my possession following the conclusion of this litigation.

I declare under penalty of perjury that the foregoing is true and correct and that this document is executed this _____ day of _____, _____, at _____.

_____
Signature

_____
Print Name